UNITED STATES of America, Plaintiff–Appellee

v.

Lyons Lonnie BYNUM, Defendant–Appellant.

No. 12–3882.

United States Court of Appeals, Eighth Circuit.

Submitted: Oct. 21, 2013.

Filed: Oct. 31, 2013.

Erika Renea Mozangue, U.S. Attorney's Office, Minneapolis, MN, for Plaintiff–Appellee.

Lyons Lonnie Bynum, U.S. Penitentiary, Terre Haute, IN, pro se.

Bruce Nestor, Deleon & Nestor, Minneapolis, MN, for Defendant–Appellant.

Before GRUENDER, BEAM, and SHEPHERD, Circuit Judges.

PER CURIAM.

After trial, a jury found Lyons Lonnie Bynum guilty of unlawful possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Bynum to 120 months' imprisonment, rejecting the Government's contention that at least one of Bynum's prior convictions triggered the 180–month mandatory minimum under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). Bynum appealed the sufficiency of the evidence supporting his conviction, and the Government cross-appealed the district court's refusal to apply the ACCA mandatory minimum. We affirmed Bynum's conviction but reversed the district court's sentence. We found that Bynum's prior third-degree Minnesota drug conviction was a predicate offence within the meaning of the ACCA, thus requiring imposition of the mandatory minimum. *United States v. Bynum*, 669 F.3d 880, 887–88 (8th Cir.2012). On remand for resentencing, Bynum was sentenced to 180 months' imprisonment. He appeals this sentence, arguing that—despite *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)—the Fifth and Sixth Amendments require the fact of his prior convic-

---

1. The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

tion to be found by a jury. We affirm the new sentence.

Bynum contends that this court can and must disregard the *Almendarez–Torres* rule given recent indications that a majority of the Supreme Court may no longer agree with it. In a supplemental Federal Rule of Appellate Procedure 28(j) letter, Bynum asserts that the Supreme Court hinted at this jurisprudential shift in *Alleyne v. United States*, 570 U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). We recently observed, however, that the Supreme Court in *Alleyne* "left intact the [*Almendarez–Torres*] rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury." *United States v. Abrahamson*, 731 F.3d 751, 752, 2013 WL 4780090 (8th Cir.2013) (citing *Alleyne*, 133 S.Ct. at 2160 & n. 1). *See also United States v. Torres–Alvarado*, 416 F.3d 808, 810 (8th Cir.2005) ("While it is unclear whether *Almendarez–Torres* and its felony exception will remain good law, ... we are bound by *Almendarez–Torres* until the Supreme Court explicitly overrules it.").

Therefore, we affirm Bynum's sentence.